# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES, | Case No. CV 11-7365-CJC (DTB) |
| Petitioner, | |
| vs. | ORDER RE SUMMARY DISMISSAL OF ACTION |
| WARDEN CASH, et al., | |
| Respondents. | |

Petitioner, a California state prisoner currently incarcerated at California State Prison in Lancaster, California ("CSP-Lancaster"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein on September 7, 2011.

From the face of the Petition, it appears that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims appear to be directed to the conditions of his confinement at CSP-Lancaster. The petitioner appears to contend that various correctional officers confiscated his personal belongings, including his sweatshirt, sweat pants, head phones, head phone cable and video cable, without any cause or authority.

Claims such as these, which are directed to the conditions of a petitioner's confinement, may not properly be asserted in a habeas petition, or as part of a habeas


petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However, in this instance, the Court chooses not to exercise such discretion for the following reasons:

First, petitioner has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide, inter alia, that all prisoners who file civil actions must pay the full amount of the filing fee, and that any prisoner seeking to file a complaint in a civil action without prepayment of fees must submit a completed Declaration in Support of Request to Proceed In Forma Pauperis. In addition, prisoners must submit a certified copy of their prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his "Petition" for filing, he failed to submit a certified copy of his trust account statement for the last six months.

Moreover, as the current action was not submitted on a civil rights complaint form, certain critical information, such as the capacity in which the defendants are named, is lacking.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice. The Clerk is directed to send petitioner a blank Central District civil rights complaint form, which petitioner is encouraged to utilize should he desire to pursue this action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 19, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge